SAMUEL L. and IMA JEAN SIMPSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Simpson v. Commissioner
Docket No. 3215-81.
United States Tax Court
T.C. Memo 1982-13; 1982 Tax Ct. Memo LEXIS 728; 43 T.C.M. (CCH) 282; T.C.M. (RIA) 82013; January 12, 1982. Samuel L. Simpson, pro se. Richard A. Witkowski, for the respondent. PARKER MEMORANDUM OPINION PARKER, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed within the 90-day period prescribed by sections 6213(a) and 7502(a). [1] Respondent's motion was filed on March 24, 1981; petitioners' objections *729 thereto were filed on May 4, 1981; and the motion was heard in Detroit, Michigan on October 26, 1981. Respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 10,739.19 for the taxable year 1978. On November 13, 1980, respondent mailed the statutory notice of deficiency to petitioners by certified mail at their last known address, 19395 Parkside, Detroit, Michigan. That was petitioners' correct address, and they received the statutory notice. The 90th day after the mailing of that statutory notice fell on Wednesday, February 11, 1981, which day was not a legal holiday in the District of Columbia. On February 17, 1981, the Tax Court received and filed the petition in this case. [2] The envelope in which the petition was mailed to the Court bore a United States Postal Service postmark dated February 13, 1981. *730 A petition for redetermination of a deficiency must be filed with this Court within 90 days [150 days in certain circumstances not here applicable] after the date the statutory notice of deficiency is mailed to the taxpayer. Section 6213(a). The 90-day [or 150-day] period is jurisdictional, and we must dismiss the petition for lack of jurisdiction if it is not timely filed. ; ; . The petition in this case was not filed until the 96th day and was untimely. Moreover, the timely-mailing-as-timely-filing provisions afford no relief to petitioners, since the postmark was dated February 13, 1981, the 92nd day. Section 7502(a). Under the clear terms of the pertinent statutory provisions and the applicable case law, the petition was not timely filed, and we therefore have no jurisdiction in this case. Nevertheless, petitioners urge the Court to deny respondent's motion, arguing that respondent failed to send a copy of the statutory notice to petitioners' representative, *731 Oscar J. Woodard, an enrolled agent. On or about June 19, 1980, petitioners had executed and filed with the Internal Revenue Service a power of attorney appointing Mr. Woodard as their duly authorized representative in this tax matter. Petitioners say that under that power of attorney, Mr. Woodard was supposed to receive a copy of any communication, including any notice of deficiency, from the Internal Revenue Service, that petitioners relied upon the fact that Mr. Woodard was to receive a copy of the notice of deficiency and therefore took no action when they received the notice, and that Mr. Woodard did not receive a copy of the notice of deficiency. Petitioners therefore conclude that the Court should excuse their late filing of the petition. Assuming that the facts are as petitioners represent them to be, [3] that does not change the result in this case. This Court has held that a failure to send copies of a statutory notice to the taxpayer's representative neither invalidates the statutory notice nor changes in any way the requirements of section 6213(a) for timely filing of a petition in this Court. ; ; *732 . Petitioners' reliance upon , reversing and remanding a Memorandum Opinion of this Court, is misplaced. In that case the taxpayers never received the statutory notice that was mailed to them, no copy of that notice was sent to their representative, and in fact the power of attorney containing their proper address had *733 been misplaced by respondent at the time the notice was being prepared. The Court of Appeals for the Fifth Circuit held, on those particular facts and circumstances, that the statutory notice had not been mailed to the taxpayers' "last known address" as required by section 6212, and therefore the statutory 90-day period under section 6213(a) had not started to run. The Fifth Circuit did not suggest that a copy of a statutory notice must be sent to the taxpayers' representative and specifically disclaimed any suggestion that either respondent's filed manual or the statute required the sending of a second notice. . The possibility of sending a copy of the statutory notice to the representative was discussed only in the context of whether or not respondent had failed to exercise reasonable diligence in ascertaining the taxpayers' last known address. However, since the statutory notice in the present case was mailed to petitioners' correct address and was received by them, the Johnson case is completely inapposite. [4]
*734 We hold that the petition in this case was not timely filed, and that we have no jurisdiction. Respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year involved in this case, unless otherwise indicated.↩
2. The petition was signed by a Mr. Oscar J. Woodard, who is an enrolled agent before the Internal Revenue Service but not admitted to practice in this Court. The Court nonetheless filed the petition in order to protect the taxpayers' interests to the extent possible.↩
3. On the copy of the power of attorney (IRS Form 2848) attached to petitioners' objection to respondent's motion, Mr. Woodard's name, address, and telephone number are typed in the space following the words: "Send copies of notices and other written communications addressed to the taxpayer(s) in proceedings involving the above matters to (Name, address, including ZIP code, and telephone number):". However, on the copy of the power of attorney attached to the petition in this case, that same space is completely blank. At the hearing on the motion, respondent's counsel indicated that on the original power of attorney that space was also blank. However, both parties seem to agree that it was unnecessary to resolve this factual dispute.↩
4. In discussing the significance of the power of attorney, the Fifth Circuit did not reject the distinction that is drawn between a power of attorney calling only for copies of correspondence to be sent to the representative and one calling for "all notices and other written communications" to be sent to the representative. ; . We note that at most the power of attorney in this case called for copies of documents to be sent to Mr. Woodard. See footnote 3 above.↩